IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Richard Leo Williams,** ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:18cv958 (CMH/JFA) |
| ) | |
| **Commonwealth of Virginia,** ) | |
|     Respondent. ) | |

MEMORANDUM OPINION & ORDER

Under consideration is the Commonwealth of Virginia's motion to dismiss the petition for writ of habeas corpus filed by state prisoner Richard Leo Williams. See Dkt. Nos. 46-48. Respondent asserts that none of petitioner's four asserted grounds for relief are meritorious and that the petition must therefore be dismissed. Id. Petitioner opposes the motion to dismiss. See Dkt. No. 50. For the reasons explained below, the motion to dismiss must be granted, and the underlying petition dismissed.

### I. Background

Petitioner is currently incarcerated pursuant to the orders of several Virginia state courts. First, the Circuit Court for the City of Fredericksburg ordered petitioner incarcerated for twelve years after petitioner pleaded guilty to robbery and was found to have violated the terms of probation previously entered by the court. See Case No. CR15-1077-00. Additionally, based on the robbery conviction, both the Spotsylvania County Circuit Court and the Circuit Court of Stafford County revoked and ordered served previously suspended sentences they had entered against petitioner. See CR09-1586-02; CR12-1163-00.

Through the instant petition, petitioner challenges only the revocation entered in the Circuit Court of Stafford County. See Dkt. No. 32. There, in 2013, petitioner was convicted of

grand larceny and sentenced to five years in prison, with four years of that sentence suspended. See CR12-1163-00. As part of the suspended sentence, petitioner was placed on supervised probation. Id.

The Stafford County Circuit Court held a hearing on petitioner's probation violation—the robbery conviction entered the Circuit Court for the City of Fredericksburg—on July 1, 2016. Id. Petitioner did not contest the probation violation; his counsel stated on the record that petitioner had been "strung out on heroin" at the time of robbery and asked the court to consider running any revoked time concurrently with the other sentences he was then serving. Id. The court declined counsel's invitation and revoked the four suspended years, stating to petitioner that it would be "really hard to conceive of what would be a more serious violation of probation than what you're here for." Id. After he was sentenced, Williams engaged in a tirade against the judge, accusing him of being a racist and wishing death on him.[1] Id. The judge left the bench without responding to petitioner. Id. Petitioner repeatedly yelled that he wanted to appeal the decision, and his counsel indicated that she understood. Id.

Later, on November 10, 2016, petitioner filed a motion for sentence modification, which the trial court denied the same day. Id. The court denied another similar motion on December 14, 2016. Id. Also on that date, the judge declined petitioner's request that he recuse himself from petitioner's case, stating that he was not aware of any conflict that would require such action. Id.

---

[1] Petitioner specifically stated: "You racist ass. I hope you die. Okay? That's what I – no, I'm tired of this shit." Id. He continued, stating: "This is ridiculous and you know it's full of shit. This is the most racist fucking bullshit I ever heard in my life." Id.

2

On October 20, 2017, petitioner timely executed a petition for a writ of habeas corpus in the Supreme Court of Virginia. See Record No. 171400. In the petition, Williams raised the following arguments, verbatim:

1. 8th Amendment Cruel inusual punishment The court abuse its discretion ineffect assistance of counsel Miscarriage of justice

2. Attorney failed to appeal and purposely missed deadline to appeal after stating in court she understood on October 26, 2016 which would have had better results with a different judge on appeal

3. Judge Michael Levy purposely denied countless motion to appoint associate judge for a reconsideration the court clerk purposely forward all motions to Judge Levy the conflict was with Judge Levy

See Record No. 171400.

On June 29, 2018, the Supreme Court of Virginia denied and dismissed the petition. Id. Specifically, the state supreme court declined petitioner's first argument because it contained "only conclusions or opinions without providing factual support." Id. It rejected the second claim because petitioner did not establish that he had a constitutional right to counsel at his probation revocation hearing and consequently failed to establish that he had a right to counsel for any appeal of the revocation proceeding. Id. Finally, the state supreme court found petitioner's third claim barred by Slayton v. Parrigan, 215 Va. 27, 29 (1974), and additionally found the claim "conclusional" and without factual support. Id.

Subsequently, petitioner filed the petition currently under review. In the operative petition [Dkt. No. 32], petitioner raises the following four grounds for relief:

1. Counsel was ineffective for failing to perfect an appeal of petitioner's revocation judgment despite petitioner's request that she do so and counsel's acknowledgment that she understood petitioner's request.

2. The trial court was biased due to a conflict of interest that arose after petitioner yelled at the judge. Additionally, the trial court abused its discretion in denying petitioner's motion to modify his sentence.

3

3. The trial judge violated petitioner's rights under the Eighth Amendment by denying petitioner's motions for recusal. Petitioner notified the court clerk of the judge's conflict of interest, and the judge lied, stating that no conflict existed.

4. Petitioner's rights under the Fourth and Sixth Amendments were violated based on the trial judge's refusal to recuse himself and petitioner's attorney's failure to perfect an appeal from the revocation judgment.

## II. Standard of Review

To obtain federal habeas relief, a state prisoner must demonstrate that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits a federal court's authority to grant such relief. Pursuant to AEDPA, when a state court has addressed the merits of a claim raised in a subsequent federal habeas corpus petition, the reviewing federal court may not grant the petition on that particular claim unless the state court's adjudication was (1) contrary to or an unreasonable application of clearly established federal law or (2) was based on an unreasonable determination of the facts presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2). The question, then, "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

A state court's decision is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A federal court should grant relief under the "unreasonable application" clause if it finds that the state court "identifies

the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

In determining whether a state court's decision was based on an unreasonable determination of facts, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). "The Supreme Court has found state factual findings unreasonable under § 2254(d)(2) when the direction of the evidence, viewed cumulatively, was 'too powerful to conclude anything but [what the petitioner claims],' and when a state court's finding was 'clearly erroneous.'" Landers v. Warden, Atty. Gen. of Ala., 776 F.3d 1288, 1294 (11th Cir. 2015) (quoting Miller–El, 545 U.S. at 265).

### III. Analysis

#### A. *Claim One – Ineffective Assistance of Counsel*

In Claim One, petitioner argues that the attorney who represented him at his Stafford County revocation hearing provided ineffective assistance when she failed to perfect an appeal of the revocation judgment despite stating that she understood petitioner's desire she do so. The Supreme Court of Virginia found this argument without merit, concluding that, because petitioner was not entitled to counsel at the probation revocation hearing, counsel was not ineffective for failing to perfect an appeal from that proceeding. See Record No. 170400.

The state supreme court's decision was neither contrary to established federal law nor based on an unreasonable determination of the facts. The Supreme Court has held that a previously-sentenced probationer has a constitutional right to counsel in probation revocation hearings only if the denial of counsel would violate due process. See Gagnon v. Scarpelli, 411

5

U.S. 778 (1973). Generally, a probationer is entitled to counsel at his revocation proceeding only if he makes "a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." Id. at 790. Here, the record demonstrates that petitioner did not contest the fact that he violated the terms of his probation; he pleaded guilty to robbery in the Fredericksburg Circuit Court. Moreover, the mitigation evidence was neither complex nor difficult to present; petitioner conceded that he was "strung out" when committed the robbery in question and sought to purchase drugs from the act's proceeds. See CR12-1163-00. Thus, petitioner was not entitled to counsel under Gagnon, and so his attorney could not have been ineffective for failing to appeal the revocation judgment. See, e.g., Coleman v. Thompson, 501 U.S. 722, 752 (1991) (claimant had no ineffective assistance of counsel claim where he had no constitutional right to an attorney in state post-conviction proceeding); see also United States v. Allgood, 48 F. Supp. 2d 554, 557-560 (E.D. Va. 1999) (denying claim that counsel was constitutionally ineffective for failing to appeal probation revocation after being directed to do so because claimant had no constitutional right to counsel in probation revocation proceeding in the first instance).[2] Claim One is therefore denied.

---

[2] In his opposition to the motion to dismiss, petitioner cites to two cases he believes support his argument that counsel was ineffective for failing to file an appeal. See Dkt. No. 50. Neither is convincing. Both cases, United States v. Wright, 538 F. App'x 237 (4th Cir. 2013), and United States v. Peak, 992 F.2d 39 (4th Cir. 1993), involved petitioners' arguments that trial counsel failed to note appeals of criminal convictions; neither case related to any post-conviction proceeding. The cases are thus inapposite to the instant case, because there is a constitutional right to counsel for "the first appeal of right," but that right extends "no further." See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

*2.* *<u>Claims Two and Three – Judicial Bias and Abuse of Discretion</u>*

Claims Two and Three relate to the actions of Judge Levy, who ordered petitioner's probation and suspended sentence revoked. In Claim Two, petitioner argues that the judge was biased against him due to a conflict of interest that arose after petitioner yelled at the judge on the bench. As an apparent result of this conflict, plaintiff contends that the trial court abused its discretion in denying his motion to modify his sentence. In Claim Three, petitioner argues that the judge improperly denied a motion to substitute a new judge in his place, even after petitioner notified the clerk of court about the perceived conflict of interest the judge held.

The Supreme Court of Virginia denied both claims, finding petitioner's unelaborated claims that Judge Levy abused his discretion and improperly failed to involve a different judge insufficient to warrant provision of relief. <u>See</u> Record No. 171400. These conclusions were not unreasonable or contrary to federal law, because "[i]t is elementary that a petition of this nature must allege facts and that mere conclusions or opinions of the pleader will not suffice to make out a case." <u>Oliver v. Braxton</u>, No. 01-349-AM, 2001 WL 34633625, at *7 (E.D. Va. Nov. 8, 2001) (internal quotation and citation omitted).

Petitioner has expanded and clarified his allegations with respect to the judge's failure to recuse himself, but because these arguments were not presented to the state supreme court, the claims as presented are unexhausted.[3] And because petitioner could not now return to the state supreme court to by virtue of the state's law prohibiting successive habeas petitions, <u>see</u> Va.

---

[3] Petitioner suggests that he did, in fact, present his arguments to the state supreme court and claims that respondent "is smokeing [sic] weed ... or perhaps had to [sic] many drinks" in arguing that this was not the case. <u>See</u> Dkt. No. 50. Furnished as it is with the relevant state court records, this Court confirms that petitioner's filings with the Supreme Court of Virginia aver only that "The court abuse [sic] its discretion" and that "Judge Levy purposely denied countless motions to appoint associate judge." <u>See</u> Record No. 171040.

Code § 8.01-654(B)(2), this Court is barred from considering those procedurally defaulted claims. See, e.g., Chandler v. Angelone, No. 00-1128 AM, 2002 WL 32514958, at *4 (E.D. Va. Mar. 20, 2002) (finding petitioner who failed to present claim to Supreme Court of Virginia in state habeas petition barred from receiving federal review of the claim) (citing Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000)).

Even if this Court were permitted to examine petitioner's newly-developed claims, it would deny them as meritless. Indeed, with regard to Claim Two, despite petitioner's apparent belief to the contrary, Virginia state law makes clear that a suspended sentence coupled with probation constitutes "an act of grace" extended to a convicted person, see Price v. Commonwealth, 51 Va. App. 443, 448 (2008), and a state judge has broad discretion to revoke such a sentence based on violations of probation terms, see Carroll v. Commonwealth, 280 Va. 641, 654 (2010).

Moreover, Judge Levy's decision to revoke petitioner's suspended sentence did not violate federal law. One facing probation revocation does not possess "the full panoply of rights [owed to] a [criminal] defendant," see Morrissey v Brewer, 408 U.S. 471, 480 (1972), but the Due Process Clause nevertheless "imposes substantive limits on" revocation proceedings such that neither the proceeding itself nor the decision rendered at the proceeding may be "fundamentally unfair or arbitrary," see Leatherwood v. Allbaugh, 861 F.3d 1034, 1045 (10th Cir. 2017) (citations and quotations omitted). Accordingly, due process demands a "rational basis in the record" for determinations made at revocation proceedings. See Curtis v. Chester, 626 F.3d 540, 544 (10th Cir. 2010). Here, there can be no doubt as to the legitimacy and factual support for Judge Levy's actions. As noted above, the record makes clear that petitioner pleaded guilty to robbery, a violent offense that contravened the terms of his probation and suspended

8

sentence. The decision to revoke probation was thus not "unfair or arbitrary," and Claim Two is denied.

So too is Claim Three meritless. In this claim, petitioner asserts that Judge Levy erred by declining to recuse himself from petitioner's case or appoint another judge to participate in the proceedings. Petitioner argues this is so due to a conflict of interest that arose after petitioner called the judge a racist and wished death upon him. Because the Supreme Court has never held that a judge's sour or ill-tempered remarks create an appearance of bias necessitating recusal, the Court cannot conclude that a *litigant's* remarks to a judge could do so. See, e.g., Liteky v. United States, 510 U.S. 540, 555-56 (1994) ("[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as [] judges, sometimes display" do not necessitate recusal.). The Court has searched and cannot locate any precedent in support of petitioner's argument to the contrary. Additionally, Judge Levy noted in an order denying recusal that he was not aware of the existence of a conflict, and judges are not expected to recuse themselves based on "unsupported, irrational, or highly tenuous speculation." See McCray v. Ryan, 389 F. Supp. 3d 663, 665-66 (D. Ariz. 2019). Accordingly, Claim Three is denied.

**B.    *Claim Four***

In Claim Four, petitioner argues that he was denied his rights under the Fourth and Sixth Amendments when the trial judge refused to recuse himself and his attorney failed to perfect an appeal from the revocation proceedings. To the extent Claim Four presents arguments in any way distinct from the claims preceding it, the Court cannot ascertain any basis on which to provide petitioner relief. First, the Fourth Amendment, which protects individuals from unreasonable searches and seizures of their persons, houses, papers, and effects, is irrelevant to

the factual allegations on which this action is based. See U.S. Const. amend. IV. And, as alluded to before, although the Sixth Amendment guarantees a criminal defendant the right to an attorney, it does not endow that right to those already convicted of crimes or in post-conviction proceedings. See, e.g. Coleman v. Thompson, 501 U.S. 722, 752 (1991). For these reasons, Claim Four offers petitioner no basis for relief.

## IV. Conclusion and Order

For the reasons just stated, respondent's motion to dismiss [Dkt. No. 46] is GRANTED and the petition is DISMISSED WITH PREJUDICE.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement evincing a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the Court. Failure to file a timely notice of appeal waives the right to appeal this decision. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). This Court expressly declines to issue such a certificate for the reasons stated above.

The Clerk is directed, pursuant to Rule 58 of the Federal Rules of Civil Procedure, to enter final judgment in favor of respondent Commonwealth of Virginia, to send a copy of this Order to petitioner and counsel of record for respondent, and to close this civil action.

Entered this _3rd_ day of _Feb,_ 2021.

Alexandria, Virginia

Claude M. Hilton
United States District Judge